

**FILED**

**March 15, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:10 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Horace Wade Thomas | ) | Docket No. 2015-06-0546 |
| | ) | |
| v. | ) | |
| | ) | State File No. 57850-2015 |
| Zipp Express, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Remanded – Filed March 15, 2017

---

The employee, a truck driver, alleged he suffered an injury due to a syncopal episode caused by work-related sleep deprivation. Following an earlier expedited hearing, the trial court issued an order requiring the employer to provide a panel of physicians, which we affirmed on appeal. Thereafter, the employer filed a motion for summary judgment, relying on the report of the authorized physician as well as two other expert opinions. The employee filed a response to the motion, and the trial court conducted a hearing, after which it denied the employer's motion for summary judgment. The employer has appealed. We affirm the decision of the trial court and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined. Judge David F. Hensley filed a separate concurring opinion.

B. Duane Willis, Nashville, Tennessee, for the employer-appellant, Zipp Express

Horace Wade Thomas, Lebanon, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Horace Wade Thomas ("Employee"), a sixty-one-year-old resident of Wilson County, Tennessee, was employed by Zipp Express ("Employer") as a truck driver. On

February 19, 2015, he experienced a syncopal episode that he alleged was caused by work-related sleep deprivation. After having stayed in his truck on a roadway for an extended period of time with little or no sleep due to severe weather, he stopped at a truck stop. While inside the truck stop, he passed out and fell, striking his head and suffering a head laceration that required medical treatment. He testified he has no recollection of passing out or of subsequent events until he woke up in an ambulance.[1]

Employee received emergency medical care on February 19, 2015 and was hospitalized. The record of a neurology consultation completed two days later by Dr. Della Williams states that Employee "fainted after losing a lot of sleep and is living under [an] enormous amount of stress." The neurological examination was "normal (except for peripheral neuropathy, distal symmetrical, likely due to his uncontrolled diabetes)." The report listed the "Impression" as including "[s]yncope, probably due to sleep loss, question if there is superimposed sleep apnea."

Employee followed up with his primary care provider for diabetes, although there is no indication he received any treatment for injuries or symptoms related to his fall. At Employer's request, Dr. Blake Garside, an orthopedic surgeon, performed a medical records review. In addition to the available medical records, Dr. Garside also considered surveillance video obtained from the truck stop that showed Employee's syncopal episode. After reviewing the information, Dr. Garside issued a letter to Employer's counsel on May 27, 2016, concluding:

> Syncopal episodes occur due to global hypoperfusion. There are multiple causes ranging from cardiac to neurologic issues most likely due to decreased blood flow to the brain. These can include cardiac syncope, vascular disease, arrhythmias, cardiac outflow obstruction, acute [myocardial infarctions], aneurisms, and pulmonary embolus. Also vasovagal syncope of which this event did not appear consistent based on the video and cardiology assessment. Syncope can also be caused by orthostatic hypotension and dehydration, neurologic issues such as seizure disorders or intracerebral hemorrhages. Sleep deprivation is not consist-ently demonstrated in the literature as a primary or secondary cause of syncopal episodes. Therefore it is unlikely that the sleep deprivation noted by [Employee] contributed more than 50% in causing this injury or episode.

Employer denied the claim, arguing the injury was not primarily caused by Employee's work with Employer. An expedited hearing was held on May 31, 2016, after which the trial court issued an order requiring Employer to provide "medical treatment

---

[1] For a more extensive summary of the facts, see *Thomas v. Zipp Express*, No. 2015-06-0546, 2016 TN Wrk. Comp. App. Bd. LEXIS 35 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016).

2

for [Employee's] injuries . . . to be initiated by [Employer] providing . . . a panel of neurological specialists." Employer appealed the trial court's order, and we affirmed.

Thereafter, Employer provided Employee a panel of physicians, from which he selected Dr. Garrison Strickland. In a September 12, 2016 report, Dr. Strickland concluded that Employee suffered from headaches following a closed head injury during a syncopal episode. With respect to the issue of causation, Dr. Strickland commented, "I suspect sleep deprivation played a role in his syncope but I am unable to say if work contributed more than 50% or less than 50%."

Employer retained a neurosurgeon, Dr. Robert Weiss, to complete a medical records review. In a November 16, 2016 letter to Employer's counsel, Dr. Weiss opined that "[s]leep deprivation is not typically considered a likely cause of syncope, so I would be extremely hard pressed to suggest that sleep deprivation in this case, as the patient described it to his initial clinicians, would cause him to drop down to the ground, as witnessed on the video." He then concluded, "I do not think his drop attack was 51% or more related to sleep deprivation."

Relying on the opinions expressed by Dr. Garside and Dr. Weiss, as well as the equivocal statement of Dr. Strickland, Employer filed a motion for summary judgment, arguing that "Employee cannot meet his burden of proof" and that "no physician has stated to a reasonable degree of medical certainty that Employee's work primarily caused any injury." Employer attached as exhibits to its motion the medical report of Dr. Strickland and the letter received from Dr. Weiss. Employer also relied on the earlier letter of Dr. Garside and "the entire record in this cause."[2] Employer contemporaneously filed with its motion a statement of undisputed facts and a memorandum of law.

In response to the motion for summary judgment, Employee, acting in a self-represented capacity, filed a "Statement of the Facts" in which he disputed several statements made in Employer's statement of undisputed facts, additional medical records, and a Standard Form Medical Report (Form C-32) of Dr. Strickland. However, Employee's response did not comply with the technical requirements of Tennessee Rule of Civil Procedure 56.03 in that it did not contain any citations to the record.

Following a hearing at which each party presented oral argument, the trial court entered an interlocutory order denying Employer's motion for summary judgment. Employer has appealed.

---

[2] The expert opinions of Dr. Garside and Dr. Weiss, which were offered by Employer in support of its motion for summary judgment, were not accompanied by an affidavit of the physician or medical records custodian, a deposition, or any other form of sworn testimony.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *See Wallis v. Brainerd Baptist Church*, No. E2015-01827-SC-R11-CV, __ S.W.3d __, 2016 Tenn. LEXIS 920, at *17 (Tenn. Dec. 22, 2016); *Abshure v. Methodist Healthcare – Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010).

## Analysis

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail on its motion: (1) "[s]ubmit[] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) "[d]emonstrate[] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101 (2016); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the moving party is successful in meeting this initial burden of production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *Rye*, 477 S.W.3d at 265. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

In addition to the requirements noted above, Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party. The moving party must file a statement of undisputed material facts with its motion for summary judgment, ensuring that each fact is accompanied by a citation to the record. Tenn. R. Civ. P. 56.03.

4

Likewise, the nonmoving party is instructed to respond to this statement of undisputed facts, indicating it agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation to the record. *Id.*

In the present case, Employer argues that "Employee cannot meet his burden of proof" and that "no physician has stated to a reasonable degree of medical certainty that Employer's work primarily caused any injury." In denying Employer's motion for summary judgment, the trial court cited the medical record of Dr. Williams, who completed a neurology consultation two days after the incident. In her report, Dr. Williams noted that Employee "fainted after losing a lot of sleep and is living under [an] enormous amount of stress." Her impression was that he suffered "syncope, probably due to sleep loss, question if there is superimposed sleep apnea." Moreover, the authorized treating physician, Dr. Strickland, noted that he suspected "sleep deprivation played a role in his syncope," but he was unwilling or unable to offer a percentage of probability as to whether work activities contributed more than 50% to the syncopal episode.

In evaluating the trial court's decision to deny the motion for summary judgment, we are required to consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. 2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp. Panel Sept. 28, 2016). Thus, Dr. Williams's statement that Employee's syncopal episode was "probably due to sleep loss" could reasonably be interpreted to support Employee's position that work-related sleep deprivation was the primary cause of his syncope and the fall. Thus, we conclude that the trial court did not err in evaluating Dr. Williams's statements in a light most favorable to Employee and, in so doing, concluding that Employer failed to negate an essential element of Employee's claim or demonstrate that his evidence was insufficient to establish an essential element of the claim.[3]

Employer also argues that Employee failed to "follow the necessary rules in responding to the Employer's Motion for Summary Judgment." We agree that Employee's response to Employer's statement of undisputed facts did not comply with the requirements of Rule 56.03.[4] Moreover, we have noted previously that pro se litigants generally must comply with the same substantive and procedural rules that

---

[3] In so holding, we offer no opinion on whether the medical reports and physician letters considered by the trial court to date are admissible at trial and/or whether any statements or opinions expressed in such reports meet Employee's ultimate burden of proof at trial.

[4] The requirements of Rule 56 are not mere suggestions. The use of the words "must" and "shall" in Rule 56.03 to describe the necessary elements of a motion for summary judgment and any response thereto are plain and unambiguous. The Advisory Commission Comment preceding the rule notes that it is "a substantial step forward to the end that litigation may be accelerated, insubstantial issues removed, and trial confined only to genuine issues." Tenn. R. Civ. P. 56 (advisory commission comment).

represented parties are expected to observe. *Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *4 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). However, in this case, the trial court did not base its decision to deny Employer's motion on Employee's technically-deficient response to the statement of undisputed facts, but on the medical report of Dr. Williams. Employer has not argued that the report of Dr. Williams should not have been considered or was not part of the record at the summary judgment stage. In fact, Employer stated in its motion for summary judgment that it relied on "the entire record in this cause, including all documents filed with the State."

Before concluding, we note that neither the records of Dr. Williams nor the letters of Dr. Garside and Dr. Weiss were submitted to the trial court in a form specified in Tennessee Rule of Civil Procedure 56.04. They were not accompanied by an affidavit, were not attached to a deposition, were not attached to answers to interrogatories or admissions, and were not part of a pleading as defined in Tennessee Rule of Civil Procedure 7.01.[5] Nevertheless, neither party objected to the trial court's consideration of these records, and neither party raised as an issue on appeal whether such records were properly before the court in evaluating Employer's motion for summary judgment. Therefore, we decline to address these issues.

### Conclusion

For the foregoing reasons, we conclude that the trial court did not err in denying Employer's motion for summary judgment. We affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

---

[5] The only exception appears to be the Standard Form Medical Report (Form C-32) of Dr. Strickland, apparently filed with Employee's statement of facts. The Form C-32 incorporated by reference Dr. Strickland's September 12, 2016 office note. If the Form C-32 with Dr. Strickland's original signature was filed with the trial court pursuant to Tennessee Code Annotated section 50-6-235, the Form C-32 is admissible "in lieu of a deposition" and therefore would satisfy the requirements of Rule 56.04. *See* Tenn. Code Ann. § 50-6-235(c)(2) (2016).



**FILED**

**March 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:10 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Horace Wade Thomas | ) | Docket No. 2015-06-0546 |
| | ) | |
| v. | ) | State File No. 57850-2015 |
| | ) | |
| Zipp Express, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Concurring Opinion – Filed March 15, 2017**

---

Hensley, J., concurring.

I agree with the majority opinion that the trial court did not err in concluding Employer failed to negate an essential element of Employee's claim and failed to demonstrate his evidence was insufficient to establish an essential element of his claim. However, my reasoning is grounded in Employer's failure to satisfy the requirements of Tennessee Rule of Civil Procedure 56.03. In my opinion, Employer did not meet its burden of production under Rule 56.

The majority opinion concludes that because neither party objected to the trial court's consideration of Dr. Strickland's medical records or the letters from Drs. Garside and Weiss, and because neither party raised an issue on appeal as to whether these documents were properly before the court in evaluating Employer's motion for summary judgment, those issues would not be addressed. Our Supreme Court has instructed that the review of a trial court's ruling on a motion for summary judgment requires "a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Having made such a determination, it is my opinion Employer failed to satisfy the requirements of Rule 56, which burdens the moving party with demonstrating *both* that no genuine issue of material fact exists *and* that it is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). When, as here, the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) demonstrating that the

1

nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Rye*, 477 S.W.3d at 264; *see also* Tenn. Code Ann. § 20-16-101 (2016). If the moving party satisfies this burden of production, *only then* must the nonmoving party demonstrate there is a genuine, material factual dispute. *See Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).

Tennessee Rule 56.03 requires that "any motion for summary judgment . . . shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Further, it provides that "[e]ach fact shall be supported by a specific citation to the record." *Id.* Here, Employer set out in separate numbered paragraphs in its statement of undisputed facts medical opinions purportedly held or expressed by Drs. Strickland, Garside, and Weiss that indicate uncertainty as to whether Employee's work and his sleep deprivation contributed more than 50% in causing his syncopal episode. However, those opinions were not presented in depositions or affidavits and are inadmissible hearsay under Tennessee Rule of Evidence 802. Moreover, as presented by Employer, the opinions do not fall within any recognized hearsay exception in Rule 803 or any other Tennessee Rule of Evidence. Employer attached to its statement of undisputed facts the medical record of Dr. Strickland expressing his opinions and a letter from Dr. Weiss expressing his opinions. In addition, Employer relied on Dr. Garside's opinion, which had previously been introduced without objection at an expedited hearing.

The statutes governing the conduct of hearings before a workers' compensation judge provide that the Tennessee Rules of Evidence "shall govern proceedings" before a workers' compensation judge unless an alternative evidentiary rule has been adopted by the Bureau of Workers' Compensation ("Bureau"). Tenn. Code Ann. § 50-6-239(c)(1) (2016). While Tennessee Rule of Evidence 802 provides that hearsay evidence is not admissible, Rule 803(6) provides that records of regularly conducted activity, including a record or report of opinions or diagnoses, are not excluded as hearsay if such records meet certain criteria "as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11)." Tenn. R. Evid. 803(6). The Bureau adopted an alternate evidentiary rule regarding the admissibility of medical records, providing that records "signed by a physician, including via electronic signature, or accompanied by a certification that the records are true and accurate which has been signed by the medical provider or custodian of records shall be admissible." Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015).

However, Chapter 0800-02-21 of the regulations was revised effective November 30, 2016 to expressly acknowledge the Bureau's goal of expeditiously resolving disputes concerning the provision of temporary disability and medical benefits in expedited hearings. In furtherance of that goal, the revised regulation provides that "letters or written statements addressing medical causation that have been signed by a doctor shall be admissible evidence *at an expedited hearing*." Tenn. Comp. R. & Regs. 0800-02-21-

2

.14(2) (2015) (emphasis added).  This regulation is consistent with the "lesser evidentiary standard" applicable to expedited hearings that allows some relief to be granted even if the evidence does not rise to the level of a preponderance of the evidence.  *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).  That being said, the November 30, 2016 revision additionally provides that "[a]t a compensation hearing, these letters or statements [addressing medical causation], even if in affidavit form may be excluded as appropriate through valid objection made pursuant to the Tennessee Rules of Evidence." Tenn. Comp. R. & Regs. 0800-02-21-.14(2).

Thus, while records, letters, or written statements addressing medical causation that have been signed as provided in the regulation are admissible at an expedited hearing, they are otherwise subject to the Tennessee Rules of Evidence as contemplated in Tenn. Comp. R. & Regs. 0800-02-21-.14(2).  Here, Employer's statement of undisputed facts did not include any medical statements or opinions that complied with the requirements for records of regularly conducted activity as provided in Tennessee Rule of Evidence 803(6).  Instead, Employer either referenced where in the technical record of the expedited hearing the records and letters were introduced into evidence or attached the records and letters to its statement of undisputed facts without providing "the testimony of the custodian or other qualified witness" and without "certification that complies with Rule 902(11)."  Tenn. R. Evid. 803(6).  Accordingly, Employer has not complied with Tennessee Rule of Civil Procedure 56.03, and "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," do not "show that there is no genuine issue as to any material fact and that [Employer] is entitled to a judgment as a matter of law."  *See* Tenn. R. Civ. P. 56.04.  For these reasons I join in my colleagues' affirmance of the trial court's decision.



**FILED**

**March 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:10 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Horace Wade Thomas | ) | Docket No. 2015-06-0546 |
| | ) | |
| v. | ) | State File No. 57850-2015 |
| | ) | |
| Zipp Express, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of March, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Horace Wade Thomas | | | | | X | wadestruck@live.com |
| B. Duane Willis | | | | | X | dwillis@morganakins.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov